**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| NOCTIVITY INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| | ) | |
| INFINITY LOOP CAPITAL | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Noctivity, Inc. ("Noctivity"), as and for its Complaint against Defendant Infinity Loop Capital ("ILC"), hereby alleges as follows:

**NATURE OF THE ACTION**

1.     This is an action under the trademark laws of the United States, 15 U.S.C. §§§ 1114, 1125(a), and 1125(d) for trademark infringement, unfair competition and violations of the Anticybersquatting Consumer Protection Act, respectively. This action arises out of Defendant's intentional and willful business decisions to ignore Noctivity's trademark rights in its registered domain names, website content, and in its advertising.

2.     Plaintiff Noctivity, through this lawsuit, seeks to immediately stop Defendant from continuing injurious actions, from which Noctivity has suffered irreparable harm, and which will continue unless Defendant is enjoined from further abuse of Noctivity's trademarks.

**PARTIES**

3.     Noctivity is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 19825 North Cove Road, Suite 173 Cornelius, North Carolina 28031.

Case 3:18-cv-00335-GCM   Document 1   Filed 06/25/18   Page 1 of 11

4.      Upon information and belief, Infinity Loop Capital is a limited liability company located at 111 Sandra Muraida Way Apt 6c Austin, Texas 78703.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act) and 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b).

6.      This Court has personal jurisdiction over Defendant consistent with the U.S. Constitution because, on information and belief, Defendant regularly and actively conducts business in this State and judicial district, including but not limited to the sale and advertising of North Carolina Department of Motor Vehicles examination study materials.

7.      This Court has personal jurisdiction over Defendant because Defendant does substantial business and sales in this district, and advertises, distributes, offers for sale, and sells the infringing products in this District. Defendant has purposefully availed itself and directed its business at the opportunities of this District. Defendant committed tortious acts in this district against Plaintiff whose principle place of business is located in this District.

8.      On information and belief, Defendant is offering its services to customers residing in this State and District.

9.      Venue is proper in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. §§ 1391(b) –(d) because a substantial part of the events giving rise to the claims raised in this lawsuit occurred in this District.

**FACTS**

10. Noctivity is the owner of U.S. Trademark Registration No. 5,181,010 for the DMVCHEATSHEETS® trademark for use in connection with various education services including training, instruction, and practice examinations in the field of driver's education.

11. Since 2008, Noctivity has offered study guides and practice tests for students preparing for their driver's license permit exam under the mark DMVCHEATSHEETS®. Its services can be viewed and purchased at https://www.dmvcheatsheets.com/.

12. Noctivity promotes the visibility of its website with search engine optimization and has engaged Google AdWords advertising campaigns all directed to promote its driver's education services under its DMVCHEATSHEETS® mark.

13. On information and belief, on or about November 15, 2017, Defendant purchased examination preparatory materials from Noctivity's https://www.dmvcheatsheets.com/ domain with continued paid web access.

14. On information and belief, in 2018, Defendant purchased the dmvcheatsheet.org and dmv.cheat-sheets.com domains through which Defendant offered for sale practice examinations in the field of driver's education, and wherein the https://dmvcheatsheet.org domain was made to redirect users to the https://dmv.cheat-sheets.com domain.

15. On May 14, 2018, Noctivity, by its counsel, delivered a Cease and Desist Demand letter to Defendant regarding the counts identified herein.

**COUNT I - <u>TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114</u>**

16. Continuously since 2008, Noctivity has used its DMVCHEATSHEETS® trademark in connection with and to identify its educational services in the field of driver's

education and to distinguish said services by, and without limitation, prominently displaying said mark on its website and in its advertising and promotional materials.

17.    Defendant has been a customer of Noctivity's educational services and examination preparatory materials since at least as early as 2017.

18.    Defendant is selling and offering for sale in the United States products and services it refers to as "DMV Cheat Sheets," "Driver's License Cheat Sheets," and "DMV Written Test Cheat Sheet" at the domain https://dmv.cheat-sheets.com/. The services offered under these marks are study guides and test preparation materials for the drivers permit test offered in various states.

19.    Defendant's https://dmvcheatsheet.org domain was made to redirect to Defendant's https://dmv.cheat-sheets.com domain.

20.    Defendant has infringed Plaintiff's registered mark in interstate commerce by various acts, including, without limitation,

> i.    The selling, offering for sale, promotion, and advertising of driver's educational services under the name DMV CHEAT SHEET, DMV Written Test Cheat Sheet, and Driver's License Cheat Sheets;
>
> ii.    The paid placement of advertising using the DMVCHEATSHEETS® trademark as key words for search engines; and
>
> iii.    The registration of the https://dmvcheatsheet.org and https://dmv.cheat-sheets.com domains for the sale of analogous goods and services.

21.    On May 14, 2018, Counsel for the Plaintiff contacted the Defendant requesting that Defendant suspend its https://dmv.cheat-sheets.com and https://dmvcheatsheet.org domains and remove any mention or uses of Plaintiff's registered  DMVCHEATSHEETS® trademark from its

Case 3:18-cv-00335-GCM   Document 1   Filed 06/25/18   Page 4 of 11

AdWords, metatags, domain page titles, website, marketing materials, advertisements, correspondence, and URLs.

22.     Counsel for Defendant responded on or around May 16, 2018 but has ignored Noctivity's requests to respect its intellectual property rights.

23.     Defendant's use of the infringing marks in connection with driver's educational services is without permission, license, or authority of Noctivity and said use is likely to cause confusion, to cause mistake and/or to deceive a consumer in violation of 15 U.S.C. § 1114.

24.     Defendant's use of the infringing marks in connection with driver's educational services has been made notwithstanding Noctivity's prior established rights in the trademark DMVCHEATSHEETS® and with notice of Noctivity's federal registration rights under 15 U.S.C. § 1072.

25.     Defendant is not authorized or licensed to use the DMVCHEATSHEETS® trademark.

26.     The domain https://dmv.cheat-sheets.com is similar in sight, sound, meaning, and overall commercial impression to Plaintiff's DMVCHEATSHEETS® trademark.

27.     The domain https://dmvcheatsheet.org is similar in sight, sound, meaning, and overall commercial impression to Plaintiff's DMVCHEATSHEETS® trademark.

28.     The test preparation services being marketed and advertised by Defendant are either identical or substantially similar to the educational service marketed, offered for sale, and sold by Plaintiff under the DMVCHEATSHEETS® trademark.

29.     Plaintiff and Defendant advertise and promote their test preparation services using similar means of advertising, including through websites and with AdWords.

30.     Plaintiff's and Defendant's educational services are sold and will be sold to the same class of consumers through the same channels of trade, including through their websites.

31.     Defendant's use of https://dmv.cheat-sheet.com and other marks as alleged herein is likely to cause confusion among consumers as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's test preparation services by Plaintiff's.

32.     Defendant's use of https://dmvcheatsheet.org and other marks as alleged herein is likely to cause confusion among consumers as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's test preparation services by Plaintiff's.

33.     Defendant's use of the domain https://dmv.cheat-sheet.com infringes Plaintiff's rights in the DMVCHEATSHEETS® trademark.

34.     Defendant's use of the domain https://dmvcheatsheet.org infringes Plaintiff's rights in the DMVCHEATSHEETS® trademark.

35.     Defendant is infringing, and if not enjoined, will continue to infringe Plaintiff's trademark rights in its DMVCHEATSHEETS® trademark.

36.     Defendant's actions, as alleged herein, have been intentional, willful, malicious, and in complete disregard of Noctivity's rights.

37.     Defendant's infringing activities will cause damage to Noctivity by, *inter alia*, harming Noctivity's sales, goodwill, and reputation.

38.     Noctivity has no adequate remedy at law and will suffer irreparable harm and damages as a result of Defendant's acts in an amount not yet determined.

39.     Unless immediately enjoined, Defendant's unlawful conduct will irreparably harm Noctivity through injury and loss to its business, reputation, and consumer goodwill.

## COUNT II - <u>UNFAIR COMPETITION – 15 U.S.C. § 1125(a)</u>

40.     Plaintiff realleges and incorporates by reference the foregoing paragraphs.

41.     Defendant has used the designations DMV CHEAT SHEET, DMV Written Test Cheat Sheet, and Driver's License Cheat Sheets in connection with driver education services in interstate commerce in violation of 15 U.S.C. § 1125.

42.     Defendant's use of the designations DMV CHEAT SHEET, DMV Written Test Cheat Sheet, and Driver's License Cheat Sheets are a false designation of origin, a false or misleading representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection, or association with Noctivity's DMVCHEATSHEETS® trademark as to the origin, sponsorship, or approval of Noctivity's products and commercial activities by Defendant.

43.     Defendants are competing unfairly with Plaintiffs and have realized or will realize unjust profits as a result of their unfair competition.

44.     As alleged herein, Defendants have knowingly and willfully infringed Plaintiff's rights in their DMVCHEATSHEETS® trademark.

45.     Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Noctivity's business, reputation, and good will in its DMVCHEATSHEETS® trademark including lost sales, lost profits, and lost goodwill. Noctivity has no adequate remedy at law.

46.     Plaintiffs are entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. § 1117(a).

47.     Plaintiff's remedy at law is not adequate to address the harm Defendants have caused and will continue to cause until their conduct is restrained, entitling Plaintiffs to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

### COUNT III - CYBERSQUATTING – 15 U.S.C. § 1125(d)

48.     Plaintiff realleges and incorporates by reference the foregoing paragraphs.

49.     Upon information and belief, Defendant has a bad faith intent to profit from the registration and use of the Internet domain name https://dmvcheatsheet.org by creating an association with Plaintiff's DMVCHEATSHEETS® trademark as to source or sponsorship.

50.     Upon information and belief, Defendant has a bad faith intent to profit from the registration and use of the Internet domain name https://dmv.cheat-sheets.com by creating an association with Plaintiff's DMVCHEATSHEETS® trademark as to source or sponsorship.

51.     The second-level domain name portion of the https://dmvcheatsheet.org Internet domain name is confusingly similar to, and dilutes the distinctive quality of, Plaintiff's DMVCHEATSHEETS® trademark.

52.     The second-level domain name portion of the https://dmv.cheat-sheets.com Internet domain name is confusingly similar to, and dilutes the distinctive quality of, Plaintiff's DMVCHEATSHEETS® trademark.

53.     Plaintiff has been damaged by Defendant's unlawful use of the https://dmvcheatsheet.org domain name and will suffer irreparable harm.

54.     Plaintiff has been damaged by Defendant's unlawful use of the https://dmv.cheat-sheets.com domain name and will suffer irreparable harm.

55.     Defendant's acts, as aforesaid, are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

## DEMAND FOR JURY TRIAL

56.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable in the matter.

## PRAYER FOR RELIEF

Noctivity respectfully prays for the following relief:

A.     That Defendant be adjudged to have infringed Noctivity's registered DMVCHEATSHEETS® trademark;

B.     That Defendant be adjudged to have committed unfair competition by selling and offering for sale driver's educational services using the DMVCHEATSHEETS® trademark;

C.     That Defendant be adjudged to have violated the Anticybersquatting Consumer Protection Act by registering the https://dmvcheatsheet.org domain.

D.     That Defendant be adjudged to have violated the Anticybersquatting Consumer Protection Act by registering the https://dmv.cheat-sheets.com domain.

E.     That the Court grant a preliminary and permanent injunction restraining Defendant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with Defendant, from using, on or in connection with any product or service, or the manufacture, importation, exportation, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any product or service, or using for any commercial purpose whatsoever: (1) the designation DMVCHEATSHEET or similar terms; (2) the Internet domain names https://dmvcheatsheet.org and https://dmv.cheat-sheets.com; (3) any other designation that is likely to cause dilution of the distinctiveness of the Plaintiff's DMVCHEATSHEETS® trademark or injury to plaintiff's business reputation; or (4) any other name, mark or term likely to cause mistake in the mind of

Case 3:18-cv-00335-GCM   Document 1   Filed 06/25/18   Page 9 of 11

the public or to deceive the public into the belief that defendant's business and/or products and/or services are in any way associated with or related to plaintiff or its products and/or services;

F.     Ordering the Domain Name Holder to relinquish all rights in the Internet domain names https://dmvcheatsheet.org and https://dmv.cheat-sheets.com;

G.     Directing Defendant to account to Plaintiff for any and all profits derived by it from the sale of products or services through the use of the infringing mark or the accused domain name;

H.     An award of Defendant's profits and actual damages suffered by Noctivity as a result of Defendant's acts of infringement and unfair competition, together with interest, and that Noctivity's recovery be trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117);

I.     An award to Noctivity of its attorneys' fees, costs and expenses incurred in prosecuting this action, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117);

J.     An award of monetary damages against Defendant for damages caused by Defendant's false, misleading, deceptive, and/or tortuous acts;

K.     An award of monetary damages against Defendant in the amount of Defendant's profits gleaned from its false, misleading, and or tortuous acts, pursuant to 15 U.S.C. § 1117;

L.     An award of treble damages as a judgment against Defendant for its willful violation of the Lanham Act pursuant to 15 U.S.C. § 1117;

M.     An award of Plaintiff's costs and attorneys' fees pursuant to 15 U.S.C. § 1117;

N.     That Noctivity be given such other and further relief as this Court may deem just and proper.

Date: June 25, 2018

Respectfully submitted,

s/ Rebeca E. Harasimowicz /
Rebeca E. Harasimowicz
NC State Bar No. 48711
Lauren G. Hunstad
NC State Bar No. 52210
Parsons Summa
15801 Brixham Hill Ave, Suite 550
Charlotte, NC 28277
Telephone (704) 926-3752
Facsimile (704) 557-9932
Email: rebeca@parsonssumma.com
        lhunstad@parsonssumma.com

*Attorneys for Plaintiff Noctivity Inc.*